UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE ANTHONY,<br><br>                         Plaintiff,<br><br>v.<br><br>GREYSTAR REAL ESTATE PARTNERS, et al.,<br><br>                         Defendants. | Case No.: 23cv960-LL-BLM<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**[ECF No. 4]** |

      Plaintiff Pierre Anthony ("Plaintiff"), an individual proceeding pro se, filed a Complaint against Defendants Greystar Real Estate Partners, Lofts 677 HoldCo, LLC, and Kimball, Tirey & St. John LLP (collectively "Defendants"). ECF No. 1. On June 23, 2023, the Court issued an Order Granting Plaintiff's Motion to Proceed In Forma Pauperis and Dismissing Plaintiff's Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3, Order. In the Order, the Court provided Plaintiff leave to file an amended complaint. *Id.* at 6. On July 18, 2023, Plaintiff filed an amended complaint. ECF No. 4, Amended Complaint ("Amended Compl.").

      For the following reasons, upon the Court's screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(a), the Court **DISMISSES** the Amended Complaint **WITHOUT LEAVE TO AMEND**.

## I. LEGAL STANDARD

A complaint filed by a plaintiff proceeding IFP is subject to mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Under 28 U.S.C. § 1915(e)(2), the court must dismiss a case if the court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim, or (iii) seeks monetary relief against persons immune from suit. *See* 28 U.S.C. § 1915(e)(2).

To determine whether the action must be dismissed under the second ground, a failure to state a claim, the court applies "the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, the court has an obligation where the plaintiff "is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court, however, "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Id.*

Additionally, complaints must comply with Federal Rule of Civil Procedure 8, which requires that "a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

## III.  DISCUSSION

The Court has reviewed the allegations of Plaintiff's Amended Complaint. The allegations of Plaintiff's Amended Complaint are largely unchanged from the allegations of the original complaint. Plaintiff continues to contend that Defendants are liable for damages under Title III of the ADA, HIPAA, 18 U.S.C. § 249, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 241, and 42 U.S.C. § 3631, because Defendants engaged in unlawful, discriminatory, and retaliatory offenses and are in the process of evicting Plaintiff from a residence. Amended Compl. ¶¶ 1–5. The Amended Complaint differs from the original complaint in that Plaintiff adds a Rehabilitation Act claim. *Id.* ¶¶ 1, 265. However, as discussed below, the Court finds that Plaintiff's amendment to the complaint does not remedy the deficiencies outlined in the Court's prior order.

### A.  ADA Claim

Title III of the ADA allows claims against private individuals against private individuals or entities for denial of access to public accommodations run by those individuals "on the basis of disability." 42 U.S.C. § 12182(a). Courts have consistently held that private dwelling units like "apartments and condominiums do not constitute public accommodations within the meaning of the Act." *Indep. Housing Servs. of S.F. v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993). However, areas within an apartment or condominium complex, such as leasing offices, may be covered by the ADA "[i]f made available to the general public for rental or use." *Trostenetsky v. Keys Condo. Owners Ass'n*, 2018 WL 2234599, at *2 (N.D. Cal. May 16, 2018).

Here, the events that Plaintiff alleges in the Amended Complaint have not taken place in a public accommodation or areas made available to the general public for rental or use. Plaintiff has repeatedly stated that the "7th and G" complex where Plaintiff resides is a residential apartment complex, which is not a place of public accommodation under Title III of the ADA. *See* Amended Compl. ¶¶ 4–5, 14, 82. Further, while Plaintiff does allege that he entered the company's office once on June 16, 2022, to talk to Defendants, Plaintiff's ADA accommodation claims are unrelated to the access of Defendants' leasing

office or other public areas. *See id.* ¶ 102. Accordingly, Plaintiff's Amended Complaint fails to state an ADA claim upon which relief may be granted.

### B. Rehabilitation Act Claim

In the Amended Complaint, Plaintiff adds a Rehabilitation Act claim, arguing that Defendants violated his right under section 504 of the Rehabilitation Act of 1973. *See id.* ¶¶ 1, 265. Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). As "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act," the Court analyzes the ADA and Rehabilitation Act claims identically. *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999). Because Plaintiff's Amended Complaint fails to state an ADA claim upon which relief may be granted, Plaintiff's Amended Complaint also fails to state a Rehabilitation Act claim upon which relief may be granted.

### B. HIPAA Claims

Plaintiff further alleges that Defendants violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA"). Amended Compl. ¶¶ 1, 266, 268. However, HIPAA does not provide a cause of action for a private litigant. *See Webb v. Smart Document Sols. LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."). Because HIPAA provides no private right of action, Plaintiff cannot bring a HIPAA claim.

### C. Additional Claims

Plaintiff further alleges that Defendants violated his rights under 18 U.S.C. § 249, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 241, and 42 U.S.C. § 3631. Amended Compl. ¶¶ 1, 269–273. Plaintiff's allegations in the Amended Complaint regarding these causes of action are almost identical to the those plead in the original complaint. Even liberally construing Plaintiff's Amended Complaint, these allegations are still insufficient to survive

dismissal. As this Court has already stated in its previous Order, Plaintiff's Amended Complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face and the Amended Complaint is comprised of the same incoherent assertions that fail to allege his entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than . . . 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'"). In addition, this Court may not supply essential elements of a claim that Plaintiff has not pled. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Further, Plaintiff requests the same countless forms of relief, including "[a]llow[ing] for a comprehensive family vacation which will support healing and recovery," allowing for private hypobaric and cryogenic treatment therapy, and "order[ing] the Defendant to pay $75,000,000 in punitive damages," but Plaintiff again has not explained the grounds on which he is entitled to this relief from the Court. Amended Compl. ¶¶ 288, 293–294, 298. Accordingly, the Court dismisses Plaintiff's Amended Complaint for failing to state a claim upon which relief may be granted and failure to comply with Rule 8.

### D. Leave to Amend

"A pro se litigant must be given leave to amend his . . . complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, the Amended Complaint represents Plaintiff's second attempt to state his claims as Plaintiff has already been given guidance from the Court regarding what was deficient in his Complaint. ECF No. 4. However, the allegations of the Amended Complaint are largely identical to the original complaint other than the addition of a Rehabilitation Act claim. The Amended Complaint fails to correct the deficiencies outlined in the Court's prior Order. Accordingly, the Court finds that further leave to amend would be futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962).

/ / /

III.     CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. Additionally, because the Court dismisses Plaintiff's operative complaint without leave to amend, the Court also **DENIES AS MOOT** Plaintiff's Request for Amendment[1] [ECF No. 5] and Motion to Compel Certification [ECF No. 6]. The Clerk of Court shall close this file.

**IT IS SO ORDERED.**

Dated:  March 26, 2024

_____
Honorable Linda Lopez
United States District Judge

---

[1] Plaintiff states that his Request for Amendment is "[t]o request, both, an increase in damages, punitive and otherwise, and compliance with current regulations and timelines associated with facilitating disability related reasonable accommodations and procedural federal processes." ECF No. 5 at 1. Yet again, Plaintiff's proposed amendments do not attempt to correct the deficiencies in the original complaint and the Amended Complaint.